**WESTON & McELVAIN LLP**
Randy M. McElvain (SBN 137046)
Richard C. Rey II (SBN 193212)
888 West Sixth Street, 15th Floor
Los Angeles, California 90017
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
E-mail: rmm7@wmattorneys.com
rrey@wmattorneys.com

Attorneys for Plaintiff
LIONS GATE ENTERTAINMENT INC.

FILED
2007 NOV -9 PM 2:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LIONS GATE ENTERTAINMENT INC., a Delaware Corporation,

Plaintiff,

vs.

CARTER'S, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,

Defendants.

CV07-07391 JFW (JCx)

CASE NO.

**COMPLAINT FOR:**

**1) Trademark Infringement under 15 U.S.C. § 1125(a);**

**2) Unfair Competition under California Business & Professions Code § 17200;**

**3) Common Law Unfair Competition;**

**4) Copyright Infringement under 17 U.S.C. § 501**

**[DEMAND FOR JURY TRIAL]**



Dockets.Justia.com

Plaintiff LIONS GATE ENTERTAINMENT INC. alleges and avers as follows:

**JURISDICTION**

1. This action arises under the following laws of the United States (15 U.S.C. § 1125(a) and 17 U.S.C. § 501), under State Law (California Business & Professions Code Section 17200), and under common law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1338(a) and (b), 28 U.S.C. § 1331 and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that defendants are deemed to reside in this district for venue purposes and/or a substantial part of the events giving rise to this case occurred in this district.

**THE PARTIES**

3. Plaintiff LIONS GATE ENTERTAINMENT INC. ("Plaintiff") is, and at all relevant times was, a company organized and existing under the laws of the State of Delaware with its principal place of business in Santa Monica, California. Plaintiff is in the business of creating, promoting and/or distributing feature films as well as the promotion of related merchandise.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant CARTER'S, INC. ("Carter's") is, and at all relevant times was, a company organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

5. Plaintiff is further informed and believes, and on that basis alleges, that defendant Carter's is in the business of manufacturing, distributing, and selling clothing, sleepwear products and other accessories for children on the internet and in retail stores, including but not limited to bodysuits, pajamas, undershirts, blanket sleepers, bibs, towels, washcloths, receiving blankets

gowns, caps, shoes, socks, toys, bedding and diaper bags.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Does 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Carter's by such fictitious names, and will ask leave of this Court to amend this Complaint to show the true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each defendant designated herein as a Doe was responsible, intentionally, negligently, contributorily, vicariously or in some other actionable manner, for the events and happenings referred to herein which proximately and legally caused the injuries to Plaintiff as hereinafter alleged.

## BACKGROUND FACTS

7. Plaintiff owns all right, title and interest in and to the motion picture entitled "Dirty Dancing." Plaintiff also owns numerous copyrights associated with Dirty Dancing and related works, including but not limited to, original music, soundtracks, sequels, various made for television shows and theatrical works. Such copyrights are registered with the Copyright Office. In addition, Plaintiff owns the trademark DIRTY DANCING (the "Mark"), which is registered on the Principal Register of the United States Patent and Trademark Office and is also a registered trademark in 46 countries throughout the world.

8. The motion picture "Dirty Dancing" was first released in or about 1987, and starred actors Patrick Swayze and Jennifer Grey. The worldwide box office revenues were in the millions of dollars for the original theatrical release of Dirty Dancing. Two soundtrack albums from the film have each achieved platinum sales levels and continue to have strong sales worldwide. Dirty Dancing has been re-released in the home video market with sales in excess of 1,000,000 DVD units per year during the last five years alone. In 2007, Plaintiff released worldwide a 20th anniversary edition DVD of Dirty Dancing to the

home video market, and a 20th anniversary soundtrack album through Plaintiff's exclusive licensee.

9. Numerous other works have been created, released and distributed in connection with the motion picture Dirty Dancing. For example, in or about 1987, there was a Dirty Dancing Live in Concert tour in the United States along with the release of a related video. In or about 1988, a Dirty Dancing television series was aired on the CBS network. In or about 2005, a Dirty Dancing stage play was performed in Australia and Germany. Another Dirty Dancing stage play opened for performances in London in 2006 with record box office sales. There are plans to bring the stage play to Broadway in New York City in or about 2008. In December 2006, a Dirty Dancing reality TV series premiered on the Women's Entertainment (WE) Network in which contestants competed for best dancer status.

10. During the last 20 years, the Mark and the film Dirty Dancing have received much acclaim and are well-known throughout the world. Plaintiff has been able to capitalize on the popularity of its Dirty Dancing property rights and has enjoyed a great deal of success in the exploitation of these rights worldwide.

11. Moreover, Plaintiff owns all right, title and interest in and to various trademarks that have become synonymous with the Dirty Dancing motion picture and the Mark. These additional marks include, but are not limited to: "Nobody puts baby in a corner" (hereinafter "Movie Trademarks"). The Movie Trademarks are well known and associated with the Dirty Dancing motion picture and the Mark. The American Film Institute voted "Nobody Puts Baby in a Corner" as one of the top one hundred most popular quotes from a motion picture. Plaintiff markets and sells merchandise with the Movie Trademarks, through approved licensees, as part of its Dirty Dancing line of approved merchandise.

//

12. Carter's and DOES 1-10 (collectively "Defendants") have unlawfully infringed on Plaintiff's rights in and to the motion picture Dirty Dancing and the Movie Trademarks by using advertising, promoting, manufacturing, distributing and selling merchandise that contains the phrase "Nobody Puts Baby In The Corner." Plaintiff, therefore, seeks all available legal and equitable remedies against Defendants to preclude further unlawful infringement and violation of Plaintiff's rights, and to compensate it for its losses.

**FIRST CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1125(a))**

13. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. Plaintiff owns all right, title and interest in and to the Movie Trademarks. The Movie Trademarks are all well known and associated with the Dirty Dancing motion picture and the Mark. Plaintiff markets and sells merchandise using the Movie Trademarks, through approved licensees, as part of its Dirty Dancing line of approved merchandise.

15. Defendants manufacture, distribute, advertise and/or offer for sale unauthorized and infringing merchandise that includes and uses the phrase "Nobody Puts Baby in the Corner." Defendants' actions are intentional and designed to capitalize on the goodwill, recognition and fame associated with the Movie Trademarks. Defendants' actions create a likelihood of confusion as to the origin, source, sponsorship, affiliation and authenticity of the infringing merchandise they advertise and offer for sale using the Movie Trademarks. Defendants know that their actions are creating confusion among the consuming public and by their actions intend to confuse and deceive the consuming public.

//

16. Unless enjoined and restrained by this Court, Defendants will continue to engage in such unlawful conduct. Plaintiff has no adequate remedy at law in that said Defendants will continue their infringing conduct, as alleged above, in violation of 15 U.S.C. § 1125(a). Plaintiff, therefore, seeks injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with the Movie Trademarks. Plaintiff further seeks such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the Movie Trademarks.

17. The Plaintiff further alleges that it has been damaged as a result of Defendants' infringing actions as alleged herein. Plaintiff is entitled to recover its damages, as well as Defendants' infringing profits and treble damages. Plaintiff further alleges that this is an exceptional case, entitling it to recover its reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF – UNFAIR COMPETITION**

**(BUSINESS AND PROFESSIONS CODE SECTION 17200)**

18. Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Defendants' conduct, as alleged above, constitutes unfair competition and unfair, unlawful and fraudulent business acts or practices in violation of Section 17200 of the Business and Professions Code.

20. Unless restrained by this Court, Defendants will continue to engage in similar acts of unfair competition in violation of California Business and Professions Code Section 17200. Plaintiff has no adequate remedy at law in that Defendants will continue to engage in such acts of unfair competition, thus engendering a multiplicity of judicial proceedings. Plaintiff therefore requests injunctive relief to prevent further acts of unfair competition.

//

21. Plaintiff further requests that this Court order restitution of all sums earned by Defendants as a result of its unfair and fraudulent business acts or practices in violation of Section 17200.

**THIRD CLAIM FOR RELIEF – UNFAIR COMPETITION**

**(COMMON LAW)**

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Defendants conduct, as alleged above, constitutes unfair competition under the common law in that Defendants are passing off their merchandise as legitimate and authenticate merchandise. Defendants are further passing off their merchandise as affiliated with the aforementioned film and television properties, including its associated trademarks, and are therefore confusing and deceiving the general public of the origin, source and authenticity of said merchandise. Plaintiff has been damaged as a result of such illegal acts.

24. Defendants' conduct is knowing, willful and intentional, and designed to deceive and defraud consumers and thereby deprive Plaintiff of the benefit and value of its considerable property rights as alleged herein. Plaintiff is, therefore, entitled to an award of punitive damages against Defendants.

**FOURTH CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 501)**

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Plaintiff holds and owns a valid and enforceable copyright in and to the Dirty Dancing motion picture (and all components thereof). Defendants have violated and infringed Plaintiff's copyright by copying well-known content from the Dirty Dancing film. Defendants have intentionally copied such

material in violation of Plaintiff's copyright and in violation of 17 U.S.C. § 501.

27. Unless enjoined and restrained by this Court, Defendants will continue to engage in such unlawful conduct. Plaintiff has no adequate remedy at law in that Defendants will continue their unlawful conduct, as alleged above, in violation of 17 U.S.C. § 501. Plaintiff, therefore, seeks injunctive relief precluding Defendants from further acts of copyright infringement and from any further use or reference to Plaintiff's copyrighted materials.

28. Plaintiff has been damaged by Defendants' unlawful copying. Plaintiff is entitled to recover its damages and Defendants' unlawful profits associated with the copying of Plaintiff's copyrighted work. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recover its attorneys' fees from Defendants.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for judgment against Defendants named herein and each of them as follows:

1. For an order requiring Defendants to show cause why their should not be enjoined as set forth below during the pendency of this action;
2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants from any use of and/or reference to Plaintiff's trademarks on merchandise and in the advertising or marketing of any merchandise, from further copying of Plaintiff's copyrighted work and from selling merchandise containing or using portions of Plaintiff's copyrighted work and advertising such merchandise or any other merchandise using portions of Plaintiff's copyrighted work;
3. For an order requiring Defendants to pay restitution of all sums paid to Defendants as a result of Defendants' unlawful actions;

4. For statutory damages and actual damages suffered by Plaintiff in an amount to be determined;
5. For recovery of Defendants' profits;
6. For treble damages;
7. For an award of punitive damages;
8. For attorneys' fees and costs of suit incurred herein; and,
9. For such other and further relief as the Court may deem just and proper.

DATED: November 9, 2007

WESTON & McELVAIN LLP

By: ______________________
Randy McElvain
Richard C. Rey II
Attorneys for Plaintiff LIONS GATE ENTERTAINMENT INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues and claims appropriate for determination by a jury.

DATED: November 9, 2007

WESTON & McELVAIN LLP

By: [signature]

Randy McElvain
Richard C. Rey II
Attorneys for Plaintiff LIONS GATE ENTERTAINMENT INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., A DELAWARE CORPORATION, PLAINTIFF(S) v. CARTER'S, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, DEFENDANT(S). | CASE NUMBER CV07-07391 JFW (JCx) **SUMMONS** |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney Randy M. McElvain, whose address is:

Weston & McElvain LLP
888 West Sixth Street, 15th Floor
Los Angeles, CA 90017

an answer to the ☒ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: NOV - 9 2007

By: [signature]
Deputy Clerk

*(Seal of the Court)*

UNITED STA ; DISTRICT COURT, CENTRAL DISTRIC F CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LIONS GATE ENTERTAINMENT INC.

**DEFENDANTS**
CARTER'S, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Atlanta, Georgia

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Randy M. McElvain
Weston & McElvain LLP
888 West Sixth Street, 15th Floor (213) 596-8000
Los Angeles, CA 90017

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No

☐ **MONEY DEMANDED IN COMPLAINT: $**______________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement; Copyright Infringement; and Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ______________________



CV07-07391